105 F.3d 667
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin Ray POOL, Defendant-Appellant.
 No. 95-10205.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 11, 1996.
Decided Jan. 3, 1997.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Kevin Ray Pool timely appeals his convictions for firearms possession and attempt to manufacture methamphetamine. We affirm.
 
 
 4
 * Pool argues that the redacted affidavit lacked sufficient probable cause because there was no police work to substantiate any of the claims of CI#2, the information was general or innocent, identification of Helfrich was uncertain, and there are no facts to support a fair probability that contraband or evidence of a crime would be found in Pool's residence or the storage locker. We disagree.
 
 
 5
 Whether a redacted affidavit supports a finding of probable cause is a legal question that we review de novo. United States v. Grandstaff, 813 F.2d 1353, 1355 (9th Cir.1987). We accord deference to the issuing magistrate's determination of probable cause. United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir.1993).
 
 
 6
 Absent information from CI#1 in paragraphs 8-41, the affidavit indicates that someone who looks like Pool and drives the same car has bought a lot of hardware and precursor chemicals to methamphetamine with cash; that he is spending time with a drug offender who has been arrested for conspiracy to make methamphetamine; that he is doing something at a storage unit which he apparently rents under a false name; and that he has a prior criminal history of involvement with methamphetamine. The observations about Pool's associate and the storage unit support the reliability of CI#2's report that Pool was the person buying suspicious chemicals and tubing. Cf. Illinois v. Gates, 462 U.S. 213, 243-44 (1983) (suspects' behavior that "is as suggestive of a pre-arranged drug run, as it is of an ordinary vacation trip" tends to verify tip about drug run). In addition, a magistrate may "draw reasonable inferences about where evidence is likely to be kept, based on the nature of the evidence and the type of offense." Pitts, 6 F.3d at 1369; United States v. Valenzuela, 596 F.2d 824, 828-29 (9th Cir.1979). As we have recognized that items associated with the manufacture and distribution of drugs are likely to be found where a dealer lives, Pitts, 6 F.3d at 1369, there was probable cause to search the storage locker and residence.[1]
 
 
 7
 Pool argues that he should have had a Franks hearing after the government confessed error about the status of CI#1. But that doesn't matter since the redacted affidavit was legally sufficient. "[I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required." Franks v. Delaware, 438 U.S. 154, 171-72 (1978).
 
 II
 
 8
 Pool claims that he was constructively denied his right of self-representation under Faretta v. California, 422 U.S. 806 (1975), when the district court failed to grant the six-month continuance that he had requested. A denial of Faretta rights is never harmless. McKaskle v. Wiggins, 465 U.S. 168, 177 n. 8 (1984). However, there was no error. The district court responded immediately to Pool's request, made orally a week before trial, to proceed pro se, and offered a reasonable continuance. Because Pool wanted longer, he elected to have counsel reappointed. Under the circumstances, including the fact that the matter had been pending for a year, there was neither an abuse of discretion in dealing with Pool's request for a continuance, United States v. Flynt, 756 F.2d 1352, 1358 (9th Cir.1985), nor a denial of his right to self-representation. See United States v. Portillo, 633 F.2d 1313, 1324-25 (9th Cir.1980).
 
 
 9
 AFFIRMED.
 
 
 10
 REINHARDT, Circuit Judge, concurring in part, dissenting in part:
 
 
 11
 I concur in large part with the reasoning of the majority. However, because I conclude that the redacted affidavit did not establish probable cause to search appellant Pool's residence, I dissent from that portion of the disposition.
 
 
 12
 The warrant authorizing police to search Pool's home is valid only insofar as the redacted affidavit demonstrates a "reasonable nexus between the activities supporting probable cause and the locations to be searched." United States v. Ocampo, 937 F.2d 485, 490 (9th Cir.1991). As noted by the majority, we have recognized in this circuit a presumption that "[i]n the case of drug dealers, evidence is likely to be found where the dealers live." United States v. Pitts, 6 F.3d 1366, 1369 (9th Cir.1993) (quoting United States v. Angulo-Lopez, 791 F.2d 1394, 1399 (9th Cir.1986)). The correctness of our line of cases adopting the "drug dealer" presumption as a general rule is not at issue. Rather, I disagree with the majority's reliance on those cases because I conclude that the presumption is inapplicable under the particular circumstances present here.
 
 
 13
 The warrant in this case rests on circumstantial evidence creating the inference that Pool was engaged in unspecified drug activity. A central component of the evidence supporting that inference is Officer Leidorf's observation of two men--one later identified as Pool--moving boxes from one storage unit to another. Upon investigation, Leidorf discovered that Pool was using a false name to rent the storage space. In his affidavit, Officer Leidorf explained the significance of that behavior:
 
 
 14
 [I]t is your affiant's past training and experience, that persons who are arrested for narcotic offenses and placed on probation or parole, will attempt to conceal their illegal activities by utilizing friends, residences, and other locations, (to include storage lockers) of subjects who are not currently on probation or parole. This in part is based on your affiant's past experience that subjects who are on probation or parole are fearful that their persons or their own residences may be searched by law enforcement officers.
 
 
 15
 (emphasis added). In other words, in order to persuade the magistrate that the activity at the storage locker demonstrated Pool's participation in drug activity, Officer Leidorf asserted that he believed Pool was afraid to keep contraband or evidence of drug activity in his home. To the extent that the affidavit establishes probable cause to search the storage unit, then, it significantly diminishes cause to search the residence. The presumption of Pitts and Angulo-Lopez is inappropriate in the face of the affidavit's representation that Pool was likely not to have maintained any evidence of his alleged illegal activities at home.
 
 
 16
 Accordingly, I dissent from the part of the majority's decision holding that the search of Pool's home was lawful. Under my view, at a minimum, the conviction on Count IV must be reversed. To the extent that the error affected other counts, it is probably harmless. That question, however, was insufficiently addressed by the parties.
 
 
 
 *
 Honorable Jack E. Tanner, Senior United States District Judge for the Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Unlike the dissent, we do not consider whether the affiant's assessments of probable cause were inconsistent, as Pool did not raise this argument either in the district court or on appeal